IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. AP-77,010




EX PARTE MARLIN ENOS NELSON




ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
NO. 483164-B IN THE 178TH JUDICIAL DISTRICT COURT
HARRIS COUNTY




           Per Curiam. 

O P I N I O N

           On August 10, 1988, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant’s conviction and sentence on direct appeal. Nelson v. State, 848 S.W.2d 126 (Tex.
Crim. App. 1992). On October 13, 1998, applicant filed his initial application for a writ of
habeas corpus pursuant to Article 11.071. We denied relief. Ex parte Nelson, No. WR-53,148-01 (Tex. Crim. App. Sept. 11, 2002). Applicant filed second application for writ of
habeas corpus pursuant to Article 11.071 on September 20, 2001. We dismissed the second
application as subsequent. Ex parte Nelson, No. WR-53,148-02 (Tex. Crim. App. Sept. 11,
2002).
           In a single allegation in this subsequent application, applicant alleged that he is
entitled to relief from his death sentence because he presented significant mitigating evidence
related to his moral culpability and the appropriateness of a death sentence that could not
have been given full effect by the sentencing jury. See Penry v. Lynaugh, 492 U.S. 302
(1989); Penry v. Johnson, 532 U.S. 782 (2001). In an order dated June 16, 2010, this Court
remanded the application to the habeas court for consideration of the merits of applicant’s
claim. Ex parte Nelson, No. WR-53,148-03 (Tex. Crim. App., June 16, 2010). The habeas
court subsequently entered findings of fact and conclusions of law.
           Reviewing the case after remand, the record shows that the mitigating evidence
presented by applicant is the sort of evidence that the United States Supreme Court has said
is not encompassed within the previous statutory special issues. See Abdul-Kabir v.
Quarterman, 550 U.S. 233 (2007); Brewer v. Quarterman, 550 U.S. 286 (2007); Smith v.
Texas, 550 U.S. 297 (2007). Applicant presented mitigating evidence at the punishment
phase of trial tending to establish that during his childhood, applicant was subjected to
violence, sexual abuse, poverty, and deprivation, which resulted in problems with impulse
control and the excessive use of drugs and alcohol.
 
           The habeas court concluded that the former statutory special issues did not provide
applicant’s jury with an adequate mechanism for exercising its reasoned moral judgment
concerning whether applicant’s mitigating evidence warranted the imposition of a life
sentence rather than the penalty of death. Based on the forgoing, the habeas court
recommended that this Court vacate the punishment portion of the trial court’s judgment and
remand the case for a new punishment hearing. 
           This Court has reviewed the record with respect to the allegation made by applicant. 
Based on the habeas court’s findings and conclusions and our own review relief is granted. 
We vacate applicant’s sentence and remand the case to the trial court for a new punishment
hearing.
Delivered: March 27, 2013
Do Not Publish